# **EXHIBIT 1**



# Notice of Service of Process

A3M / ALL
Transmittal Number: 21331131
Date Processed: 03/26/2020

| | |
|---|---|
| **Primary Contact:** | Sharon Brooks - MS 08-A<br>The Travelers Companies, Inc.<br>One Tower Square<br>Rm 8MS<br>Hartford, CT 06183 |

| | |
|---|---|
| **Entity:** | Travelers Casualty Insurance Company of America<br>Entity ID Number  2317367 |
| **Entity Served:** | Travelers Casualty Insurance Company of A |
| **Title of Action:** | Michael A. Venneman, CPA Psc vs. Travelers Casualty Insurance Company of America |
| **Matter Name/ID:** | Michael A. Venneman, CPA Psc vs. Travelers Casualty Insurance Company of America (10142033) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Campbell County Circuit Court, KY |
| **Case/Reference No:** | 20-CI-00274 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 03/25/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | John C. Hayden<br>859-491-1000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **20-CI-00274**<br>Court:   **CIRCUIT**<br>County: **CAMPBELL** |

*Plantiff,* **MICHAEL A. VENNEMAN, CPA PSC VS. TRAVELERS CASUALTY INSURANC,** *Defendant*

TO:   **TRAVELERS CASUALTY INSURANCE COMPANY OF A**
      **SERVE: CORPORATION SERVICE COMPANY**
      **421 WEST MAIN STREET**
      **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Taunya Nolan Jack*

Campbell Circuit Clerk
Date: **3/18/2020**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____         Served By _____

                                        Title _____

Summons ID: 232666316468073@00000188158
CIRCUIT: 20-CI-00274 Certified Mail
MICHAEL A. VENNEMAN, CPA PSC VS. TRAVELERS CASUALTY INSURANC

Page 1 of 1

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

eFiled



COMMONWEALTH OF KENTUCKY
CAMPBELL CIRCUIT COURT
DIVISION 1
CASE NO. 20-CI-274

**MICHAEL A. VENNEMAN, CPA PSC**

and

**E-PAY, INC.**                                                                                                                         **PLAINTIFFS**

-v.-

**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**
Serve: Corporation Service Company
      421 West Main Street
      Frankfort, Kentucky 40601                                                                              **DEFENDANT**

---

## COMPLAINT

---

The Plaintiffs allege:

### PARTIES

1. Plaintiff Michael A. Venneman, CPA PSC is a professional service corporation organized and existing under the laws of the Commonwealth of Kentucky and is licensed to provide accounting and payroll services, tax preparation and advice to its Kentucky clients.

2. Plaintiff E-pay, Inc. is a for-profit corporation organized and existing under the laws of the Commonwealth of Kentucky and is in the business of making payroll deposits and disbursements electronically.

3. The Defendant, Travelers Casualty Insurance Company of America is an entity the exact nature of which is unknown to the Plaintiff, but is an insurer organized and existing under the laws of the State of Connecticut, is authorized to do business in the Commonwealth of Kentucky, and

1

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

COM : 000001 of 000006

whose agent for service of process is listed in the caption.

## FACTUAL ALLEGATIONS

4. On or about August 6, 2015, Plaintiffs purchased a contract of insurance, policy #680-2G554600, from the Defendant that has been periodically renewed. (See Exhibit A, which is attached hereto and incorporated herein by reference.)

5. By said contract, the Plaintiffs were protected against, *inter alia,* forgery or alteration (see page 7 of Exhibit A); and computer fraud (see page 4 of a 5 page "Accountants Endorsement" addendum also part of Exhibit A).

6. On or about March 27th, 2018, Plaintiffs entered into a contract with someone believed to be Tim Spencer to process payroll deposits allegedly for TK Management Inc. (See Exhibit B.)

7. On or about March 30th 2018, the person claiming to be Tim Spencer or his agent withdrew a deposit from the payroll account in an amount in excess of six figures and based upon information and belief, disbursed said funds out of the country via Western Union.

8. Plaintiffs thereafter made a claim with the Defendant, claim #DHR4194 on policy #680-2G554600, which claim was denied on January 16, 2020. (See Exhibit C.)

## COUNT I - FORGERY OR ALTERATION

9. Plaintiffs incorporate herein by reference the allegations of paragraphs one through eight inclusively.

10. The language of section i (page 7, Exhibit A) reads "**Forgery or Alteration** (1) We will pay for loss resulting directly from "forgery" or alteration of checks, drafts or promissosry notes, or *similar written promises, orders or directions* to pay a sum certain in money that are made or drawn upon you or made or drawn by one acting as an agent or purported to have been so made or

2

drawn." (Emphasis added.)

11. Forgery is defined in section 12, page 37 of Exhibit A to mean "the signing of the name of another person or organization with intent to deceive".

12. Plaintiffs allege that Exhibit B is such a forgery or alteration for which the limit of liability is $25,000.00 (Section i 4 page 8 Exhibit A).

## COUNT TWO - COMPUTER FRAUD

13. Plaintiffs incorporate herein by reference the allegations of paragraphs one through twelve inclusively.

14. The language of section b (page 4 of a 5 page "Accountants Endorsement" addendum also part of Exhibit A) reads "**Computer Fraud** (1) When a Limit of Insurance is shown in the Declarations for Business Personal Property at the described premises, you may extend that insurance to apply to loss of or damage to Business Personal Property resulting from the use of any computer to fraudulently cause a transfer of that property from inside the building at the described premises or banking premises. "

15. The limit of insurance for Count I was $25,000.00.

16. Business personal property is defined as "Money and Securities" (Section b (4), page 1 Exhibit A).

17. The limit of insurance for computer fraud is $10,000.00 (Section b (4), page 4 of a 5 page "Accountants Endorsement" addendum also part of Exhibit A).

## COUNT THREE - BREACH OF CONTRACT

18. Plaintiffs incorporate herein by reference the allegations of paragraphs one through seventeen inclusively.

3

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

COM : 000003 of 000006

19. Defendant contracted to cover forgery and alteration, and further, contracted to cover computer fraud, and has failed or refused to do so.

20. Defendant has breached its contract with Plaintiffs.

21. Plaintiffs are entitled to contract damages, i.e., $35,000.00.

## COUNT FOUR - BREACH OF AN IMPLIED CONTRACT

22. Plaintiffs incorporate herein by reference the allegations of paragraphs one through twenty-one inclusively.

23. Defendant drafted, provided and sold the contract which is the subject of this action, and even if there is some convoluted interpretation by which the Defendant could avoid liability, the purpose of said contract apparent to a reasonable person is impliedly to cover forgery and alteration, and further, to cover computer fraud, and the Defendant has failed or refused to do so.

24. Defendant has breached its contract with Plaintiffs.

25. Plaintiffs are entitled to contract damages, i.e., $35,000.00.

## COUNT FIVE - DETRIMENTAL RELIANCE

26. Plaintiffs incorporate herein by reference the allegations of paragraphs one through twenty-five inclusively.

27. Based upon the contract which the Defendant drafted, provided and sold, and regardless of whether said contract is express or implied, the Plaintiffs relied to their detriment upon said contract for protection from forgery or alteration, and computer fraud.

28. Plaintiffs have been damaged in an amount far in excess of the contract's minimum $35,000.00 coverage ($25,000.00 for forgery or alteration and then $10,000.00 for computer fraud).

## COUNT SIX - FRAUD AND/OR MISREPRESENTATION

4

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

COM : 000004 of 000006

29. Plaintiffs incorporate herein by reference the allegations of paragraphs one through twenty-eight inclusively.

32. A fair reading of Policy #680-2G554600, drafted, provided and sold by the Defendant to Plaintiffs leads a reasonable person to believe that the Defendant covers for forgery or alteration up to $25,000.00, and upon the exhaustion of the limit of insurance, further covers computer fraud for an additional $10,000.00.

33. The Defendant's denial of the Plaintiffs' claim is at best a misrepresentation of Defendant's coverage.

34. The Defendant's denial of the Plaintiffs' claim is at worst a fraud upon Plaintiffs.

## COUNT SEVEN - BAD FAITH

35. Plaintiffs incorporate herein by reference the allegations of paragraphs one through thirty-four inclusively.

36. The Defendant's denial of the Plaintiffs' claim is an act of bad faith.

37. Plaintiffs are entitled to both compensatory and punitive damages.

**WHEREFORE,** the Plaintiffs pray for a Judgment against the Defendant consistent with this Court's minimal jurisdictional limit, punitive damages, court costs and all proper relief.

/s/Johm C. Hayden
**JOHN C. HAYDEN**     Ky Bar #92059
505 York Street
Newport, Kentucky 41071
(859) 491-1000
Fax: (859) 491-0078
johnhaydenlaw@gmail.com

/s/Richard A. Jarvis
**RICHARD A. JARVIS**     Ky Bar #35590
505 York Street
Newport, Kentucky 41071

5

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

COM : 000005 of 000006

(859) 491-2111
Fax: (859) 491-2122
rickjarvislaw@gmail.com

6

Presiding Judge: HON. JULIE REINHARDT WARD (617222)

COM : 000006 of 000006

**CERTIFIED MAIL**



TAUNYA NOLAN JACK
CAMPBELL COUNTY CIRC[UIT]
CAMPBELL CIRCUIT & D[ISTRICT]
CAMPBELL COUNTY COUR[T]
330 YORK STREET
NEWPORT, KENTUCKY 41[071]



7019 2970 0001 9039 5390



U.S. POSTAGE >> PITNEY BOWES

ZIP 41071   $ 007.05
02 4W
0000371652 MAR. 20. 2020.

Travelers Casualty Ins. Co.
Corporation Service Co.
421 W. Main St.
Frankfort, Ky 40601

4060131815 C003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| MICHAEL A. VENNEMAN, CPA PSC and E-PAY, INC.  Plaintiffs, vs. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA  Defendant | CASE NO.: _____  Removed from Campbell Circuit Court, Case No. 20-CI-00274 |

**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S ANSWER TO PLAINTIFFS' COMPLAINT**

Comes the Defendant, Travelers Casualty Insurance Company of America ("Travelers"), by Counsel, and for its Answer to the Plaintiffs' Complaint, hereby states as follows:

**FIRST DEFENSE**

The Plaintiffs' Complaint fails to state a claim against Travelers, either in whole or in part, upon which relief can be granted.

**SECOND DEFENSE**

1. Travelers is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 1 of the Plaintiffs' Complaint.

2. Travelers is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

3. Travelers is without sufficient knowledge or information to either affirm or deny the allegation in Paragraph 3 of the Plaintiffs' Complaint concerning what may be unknown to the Plaintiffs, but Travelers admits the remaining allegations contained therein.

4. Travelers denies the allegations contained in the parenthetical portion of Paragraph 4 of the Plaintiffs' Complaint as there were no exhibits attached to the Complaint. The remaining allegations contained in Paragraph 4 of the Plaintiffs' Complaint are admitted.

5. Travelers denies the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

6. Travelers denies the parenthetical portion of Paragraph 6 of the Plaintiffs' Complaint as there were no exhibits attached to the Complaint. Travelers is without sufficient knowledge or information to either affirm or deny the remaining allegations contained in said paragraph.

7. Travelers is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 7 of the Plaintiffs' Complaint and therefore denies same.

8. Travelers admits the allegation in Paragraph 8 of the Plaintiffs' Complaint that the Plaintiffs made a claim with Travelers under policy no. 680-2G554600 which was designated claim no. DHR4194 and which Travelers subsequently denied, but the remaining allegations in said paragraph are denied, including any allegation that there was an Exhibit C attached to the Complaint.

9. In response to Paragraph 9 of the Plaintiffs' Complaint, Travelers adopts and incorporates herein by reference its responses and affirmative defenses to the allegation contained in Paragraphs 1 through 8 of the Plaintiffs' Complaint.

10. Travelers is without sufficient knowledge or information to either affirm or deny the allegations in Paragraph 10 of the Plaintiffs' Complaint as the referenced Exhibit A was not attached to the Complaint and Travelers therefore denies same.

11. Travelers is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 11 of the Plaintiffs' Complaint as the referenced Exhibit A was not attached to the Complaint and Travelers therefore denies same.

12. Travelers is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 12 of the Plaintiffs' Complaint as the referenced exhibits were not attached to the Complaint and Travelers therefore denies same. Travelers further denies that the Plaintiffs were subject to any forgery or alteration which would trigger coverage under the applicable policy.

13. In response to Paragraph 13 of the Plaintiffs' Complaint, Travelers adopts and incorporates herein by reference its responses and affirmative defenses to the allegations contained in Paragraphs 1 through 12 of the Plaintiffs' Complaint.

14. The exhibits referenced in Paragraph 14 of the Plaintiffs' Complaint were not attached to the Complaint and therefore Travelers is without sufficient knowledge or information to either affirm or deny the allegations contained therein. Consequently, the allegations contained in Paragraph 14 of the Plaintiffs' Complaint are denied.

15. Travelers is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 15 of the Plaintiffs' Complaint because the exhibits referenced in Count I of the Plaintiffs' Complaint were not attached.

16. Travelers is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 16 of the Plaintiffs' Complaint because the referenced exhibit was not attached. Consequently, the allegations contained therein are denied.

17. Travelers is without sufficient knowledge or information to either affirm or deny the allegations contained in Paragraph 17 of the Plaintiffs' Complaint because the reference exhibit was not attached.

18. In response to Paragraph 18 of the Plaintiffs' Complaint, Travelers adopts and incorporates herein by reference its responses and affirmative defenses to the allegations contained in Paragraphs 1 through 17 of the Plaintiffs' Complaint.

19. In response to Paragraph 19 of the Plaintiffs' Complaint, Travelers admits that its policy includes coverage for forgery and alteration and/or computer fraud subject to the terms, conditions and exclusions of the policy, but Travelers denies that the policy affords any such coverage to the Plaintiffs based on the facts presented.

20. Travelers denies the allegations contained in Paragraph 20 of the Plaintiffs' Complaint.

21. Travelers denies the allegations contained in Paragraph 21 of the Plaintiffs' Complaint.

22. In response to Paragraph 22 of the Plaintiffs' Complaint, Travelers adopts and incorporates herein by reference its responses and affirmative defenses to the allegations contained in Paragraphs 1 through 21 of the Plaintiffs' Complaint.

23. Travelers denies the allegations contained in Paragraph 23 of the Plaintiffs' Complaint.

24. Travelers denies the allegations contained in Paragraph 24 of the Plaintiffs' Complaint.

25. Travelers denies the allegations contained in Paragraph 25 of the Plaintiffs' Complaint.

26. In response to Paragraph 26 of the Plaintiffs' Complaint, Travelers adopts and incorporates herein by reference its responses and affirmative defenses to the allegations contained in Paragraphs 1 through 25 of the Plaintiffs' Complaint

27. Travelers denies the allegations contained in Paragraph 27 of the Plaintiffs' Complaint.

28. Travelers denies the allegations contained in Paragraph 28 of the Plaintiffs' Complaint.

29. In response to Paragraph 29 of the Plaintiffs' Complaint, Travelers adopts and incorporates herein by reference its responses and affirmative defenses to the allegations contained in Paragraphs 1 through 28 of the Plaintiffs' Complaint

30. The Plaintiffs' Complaint does not include a numerical paragraph 30 and therefore no response is required.

31. The Plaintiffs' Complaint does not include a numerical paragraph 31 and therefore no response is required.

32. Travelers denies the allegations contained in Paragraph 32 of the Plaintiffs' Complaint.

33. Travelers denies the allegations contained in Paragraph 33 of the Plaintiffs' Complaint.

34. Travelers denies the allegations contained in Paragraph 34 of the Plaintiffs' Complaint.

35. In response to Paragraph 35 of the Plaintiffs' Complaint, Travelers adopts and incorporates herein by reference its responses and affirmative defenses to the allegations contained in Paragraphs 1 through 34 of the Plaintiffs' Complaint

36. Travelers denies the allegations contained in Paragraph 36 of the Plaintiffs' Complaint.

37. Travelers denies the allegations contained in Paragraph 37 of the Plaintiffs' Complaint.

38. Any and all other allegations in the Plaintiffs' Complaint which are not specifically admitted herein are denied.

### THIRD DEFENSE

The Plaintiffs' claims against Travelers are barred in whole or in part by the terms, provisions, conditions and exclusions in the applicable insurance policy issued by Travelers to the Plaintiffs and Travelers relies upon same as an affirmative defense.

### FOURTH DEFENSE

The Plaintiffs' claims against Travelers are barred in whole or in part by KRS 304.12-230, *et seq.*, otherwise known as the Kentucky Unfair Claims Settlement Practices Acts, which Travelers adopts and incorporates herein as an affirmative defense.

### FIFTH DEFENSE

The Plaintiffs may have failed to mitigate their damages, and Travelers relies upon same as an affirmative defense.

### SIXTH DEFENSE

The Plaintiffs may have breached the terms of the insurance contract between Travelers and the Plaintiffs and Travelers relies upon same as an affirmative defense.

### SEVENTH DEFENSE

The Plaintiffs may have failed to comply with the terms, provisions, and conditions of the insurance policy issued by Travelers to the Plaintiffs and Travelers relies upon same as an affirmative defense.

**EIGHTH DEFENSE**

Travelers acted in good faith and in accordance with Kentucky Revised Statutes, Kentucky law and the terms and conditions of its insurance policy at all relevant times herein and it relies upon same as a complete bar to the Plaintiffs' claims.

**NINTH DEFENSE**

Travelers liability, if any, for payment of the Plaintiffs' claims is "fairly debatable" and "not beyond dispute" and Plaintiffs' claims against Travelers are therefore barred.

**TENTH DEFENSE**

(1)     The claim of Plaintiffs for punitive and/or exemplary damages against Travelers cannot be sustained, because an award of punitive and/or exemplary damages under Kentucky law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Kentucky law would violate Travelers' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

(2)     The claim of Plaintiffs for punitive and/or exemplary damages against Travelers cannot be sustained, because an award of punitive and/or exemplary damages under Kentucky law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive and/or exemplary damages award; (2) is not instructed on the limits on punitive and/or exemplary damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive and/or exemplary damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Travelers; (4) is permitted to award punitive and/or exemplary damages under a standard for determining liability for punitive and/or exemplary damages that is vague and

arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive and/or exemplary damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Travelers' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by Sections 2, 3, 13 and 17 of the Kentucky Constitution.

(3)     The claim of Plaintiffs for punitive and/or exemplary damages cannot be sustained, because an award of punitive and/or exemplary damages under Kentucky law without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate Travelers' rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and Sections 2, 10, 11, 13 and 14 of the Kentucky Constitution.

(4)     Any award of punitive and/or exemplary damages based on anything other than Travelers' conduct in connection with the alleged incidents that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and Sections 2 and 13 of the Kentucky Constitution, because any other judgment for punitive and/or exemplary damages in this case cannot protect Travelers against impermissible multiple punishment for unrelated incidents.

## ELEVENTH DEFENSE

Travelers pleads as affirmative defenses those defenses of CR 8.03 and F.R.C.P. 8(c) and 12(b) as if fully restated herein, said defenses applicability to be determined during discovery and Travelers reserves the right to assert additional defenses whether affirmative or otherwise about which it presently lacks sufficient knowledge or information but which may become available during the course of this litigation through discovery and other means.

WHEREFORE, the Defendant, Travelers Casualty Insurance Company of America, by Counsel, respectfully demands as follows:

1. That the Plaintiffs' Complaint against it be dismissed *with prejudice*;
2. For its costs herein expended, including reasonable attorney's fees;
3. For a trial by jury on all issues so triable; and
4. For any and all other relief, legal or equitable to which it may appear entitled.

Respectfully submitted,

SCHILLER BARNES MALONEY PLLC

*/s/ Michael S. Maloney*
_____
Michael S. Maloney, Esq.
Stephen C. Keller, Esq.
401 West Main Street, Suite 1600
Louisville, KY 40202
PH: (502) 625-1670
FAX: (502) 779-9328
mmaloney@sbmkylaw.com
skeller@sbmkylaw.com
*Counsel for Defendant, Travelers Casualty Insurance Company of America*

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing has been electronically filed this 14th day of April, 2020 with the CM/ECF System, which will send a notice of electronic filing to the following persons:

| | |
|---|---|
| John C. Hayden, Esq. | Richard A. Jarvis, Esq. |
| 505 York Street | 505 York Street |
| Newport, KY 41071 | Newport, KY 41071 |
| johnhaydenlaw@gmail.com | rickjarvislaw@gmail.com |
| *Counsel for Plaintiffs* | *Co-Counsel for Plaintiffs* |

*/s/ Michael S. Maloney*
_____
SCHILLER BARNES MALONEY PLLC